UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION
MARY SANTIAGO; MARY LOPEZ,

       Plaintiffs,   **MEMORANDUM & ORDER**
-against-           17-cv-6097 (AMD) (LB)

NEW YORK STATE HOMES COMMUNITY
RENEWAL SECTION 8; D.U. THIRD REALTY,

       Defendants.
----------------------------------------------------------X

**ANN DONNELLY**, United States District Judge:

On October 16, 2017, the *pro se* plaintiff, Mary Santiago, filed this action against the defendants, seeking the court's assistance in reinstating her in the Section 8 housing program pursuant to the HPD Housing Choice Voucher Program.[1] The Court grants the plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order, and dismisses the complaint without prejudice.

## BACKGROUND

On February 25, 2002, the plaintiff's mother, Mary Lopez passed away. (Compl. at 8.) Following her mother's death, the plaintiff appeared in court and signed a "voucher from Section 8," and a form giving her custody of her then seventeen-year-old sister, Gabriela Cordero. (*Id.*) Sometime later, the plaintiff signed a lease with D.U. Third Realty for 2970 West 24th Street,

---

[1] The plaintiff's request for relief also includes reinstating the plaintiff's mother, Mary Lopez, into the Section 8 voucher program, but this request is improper given that the plaintiff cannot represent her mother's estate (as discussed below), and because this Court cannot find authority to support that a beneficiary's Section 8 housing benefits do not terminate upon his or her death. Instead, the case law supports, at most, that Section 8 voucher benefits of another may be transferrable in certain instances. *See, e.g., A.S.*, 288 F.Supp.3d at 318 (a Section 8 voucher holder's wife – who was the victim of spousal abuse – was entitled to demonstrate that she had a protected property interest in her husband's voucher). Therefore, I read the plaintiff's complaint as requesting that she alone be reinstated in the Section 8 voucher program.

1

Apartment 18A. The plaintiff alleges that she was "to be temporarily on the lease and [Section 8] voucher until [her] sister turned 18 years of age." (*Id.*) The plaintiff signed two renewal leases in 2003 and 2004, which "made [her] head of household and head of voucher," and that her "Section 8 voucher was on from 2002 to 2007." (Compl. at 9.)

The plaintiff alleges that in 2005, D.U. Third Realty "trick[ed] her sister to sign the lease," which apparently led to the plaintiff's removal from the Section 8 voucher program. (*Id.* at 9-10.) According to the plaintiff, she has been out of the Section 8 "system" since 2007, and forced to live in shelters with her autistic son. (Compl. at 6-7.) She asks the Court to "put [her] ... back in the housing system." (Compl. at 7.) However, the plaintiff attaches a letter from New York State Homes and Community Renewal that states that it does not have a record of a Section 8 voucher for either the plaintiff or her deceased mother with its agency, and directing the plaintiff to check with either the NYC Housing Authority or Housing Preservation and Development. (*See* Compl. at 13.)

## STANDARD OF REVIEW

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks and citations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

2

(quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Further, under 28 U.S.C. § 1915(e)(2)(B), district courts must dismiss an *in forma pauperis* complaint action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making a determination, the Court may consider factual allegations in the complaint, as well as documents attached to the complaint. *US. v. Int'l. Longshoremen's Ass'n.*, 518 F.Supp.2d 422, 451-51 (E.D.N.Y. 2007) (citing *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## DISCUSSION

Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks and citations omitted); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). "In the estate context . . . the Second Circuit has held that 'the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate' because this individual 'is the only party affected by the disposition of the suit' and therefore is 'in fact, appearing solely on his own behalf.'" *Naughton v. Naughton*, No. 11-cv-2865-SLT-LB, 2011 WL 3701972, at *2 (E.D.N.Y. Aug. 23, 2011) (quoting *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)) (emphasis omitted). However, "an administrator or executor of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Guest*, 603

3

F.3d at 20 (alterations in the original omitted) (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997)). Although the plaintiff alleges that she is the sole beneficiary of her mother's estate, (*see* Compl. at 12), she also states that she has a sister, who presumably would also be a beneficiary of their mother's estate. Therefore, to the extent that the plaintiff seeks to represent the estate of Mary Lopez, she cannot do so. As such, any claims that involve the plaintiff representing the estate of Mary Lopez are dismissed with prejudice.

However, to the extent that the plaintiff raises issues related to her own alleged termination of Section 8 housing benefits, raising the strongest arguments the facts suggest and assuming the plaintiff's allegation as true, I interpret this claim as a violation of the plaintiff's procedural due process rights under the Fourteenth Amendment. "[W]here a plaintiff alleges violations of procedural due process the deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Rios v. Town of Huntington Housing Authority*, 583 F.Supp.2d 330 (E.D.N.Y. 2012) (internal quotation marks and citations omitted) (emphasis in the original). Courts in this Circuit have found that termination of Section 8 benefits "constitute[ ] a deprivation [of property interests] that would entitle them to procedural safeguards." *A.S. v. Been*, 228 F.Supp.3d 315, 317 (S.D.N.Y. 2017); *see also Rios v. Town of Huntington Housing Authority*, 853 F.Supp.2d 330, 337-38 (E.D.N.Y. 2012) (Section 8 housing tenant had "constitutionally protected interest" in her rental unit, and collecting cases). Determining whether the plaintiff has a valid due process claim is a two-step process: first, the court must decide whether the plaintiff possesses a property interest, and

4

second, if the plaintiff has a property interest, "what process is due before [a plaintiff] can be deprived of that interest." *See Rios*, 853 F.Supp.2d at 337 (internal citations omitted).

In this instance, the plaintiff cannot satisfy this first step, because (1) although it is not entirely clear, the plaintiff appears to concede that her Section 8 voucher benefits expired in 2007, (Compl. at 9), and (2) the letter that the plaintiff attaches from Homes and Community Renewal states that neither the plaintiff nor her mother ever had a Section 8 voucher with their agency. As a result, the plaintiff has not alleged sufficient facts to substantiate that she had a valid property interest in a Section 8 voucher in the first place, let alone that she was deprived of her Section 8 voucher without due process.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed with prejudice to the extent the plaintiff asserts claims on behalf of the estate of Mary Lopez. However, given the plaintiff's *pro se* status, I dismiss the plaintiff's due process claim for deprivation of her Section 8 voucher benefits without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Therefore, in the event that the plaintiff is able to plead sufficient facts that she had or was entitled to Section 8 benefits (for instance by inquiring with the NYC Housing Authority or Housing Preservation Development), she may refile this action against the party (or parties) that have allegedly deprived the plaintiff of these benefits.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

s/ AMD
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       December 11, 2017