UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARY SANTIAGO,

                          Plaintiff,

-against-

NEW YORK STATE HOMES COMMUNITY
RENEWAL SECTION 8; D.U. THIRD
REALTY,

                         Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-cv-6097 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 02 2018 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge.

The *pro se* plaintiff, Mary Santiago, filed this action on October 16, 2017, against the defendants, asking the Court to reinstate her in the Section 8 housing program, pursuant to the HPD Housing Choice Voucher Program. (ECF No. 1.)[1] By Memorandum & Order dated December 11, 2017, I granted the plaintiff's request to proceed *in forma pauperis*, dismissed the plaintiff's claims on behalf of her mother's estate with prejudice, and dismissed the plaintiff's due process claim without prejudice. (ECF No. 4.) On December 13, 2017, the Clerk of Court entered judgment. (Doc. No. 5.) Recently, the plaintiff filed several letters asking the Court to re-open this case, which I consolidate and liberally construe as a motion for reconsideration. (Doc. Nos. 6-9.) The motion is denied as set forth below.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the

---

[1] Familiarity with the facts of this action is assumed.

1

court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 247 (2d Cir. 1995). Moreover, a motion for reconsideration will only be granted under "extraordinary circumstances." *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.") (internal quotation marks omitted). A Rule 60(b) motion will not be granted where the motion seeks to relitigate issues that are already decided. *See Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1985) (dismissing as frivolous an appeal from the denial of a Rule 60(b) motion, where the appellant "continue[d] to relitigate the same issue that the district court [previously] decided"). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11-cv-5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted).

Here, the plaintiff does not cite any controlling case law or data that that the Court has overlooked, nor does she allege facts demonstrating extraordinary circumstances warranting relief from the judgment of dismissal. In my previous order, I found that the plaintiff had not alleged enough facts to substantiate to demonstrate a valid property interest in a Section 8 voucher, or that she was deprived of her Section 8 voucher without due process. The Court also notified the plaintiff that she could refile this action against the party (or parties) that have allegedly denied the plaintiff her Section 8 benefits. I have construed the plaintiff's motion liberally to allege the strongest possible arguments, but there is no new information nor any facts from which I can infer that she has a claim against the defendants. Although the plaintiff's June 4, 2018 letter, (Doc. No. 9), includes an archive report from the New York City Human

Resources Administration indicating that she received funds marked for "shelter" in 2006, it does not show that she had a Section 8 housing voucher. Thus, the plaintiff has not shown that she is entitled to reconsideration of the Court's Order.

## CONCLUSION

Accordingly, the plaintiff's motion to reopen this case is denied at this time, and remains dismissed without prejudice. (*See* ECF No. 4.)

The plaintiff may contact the Pro Se Office located in the U.S. Eastern District of New York Courthouse for assistance (718-613-2665), or the Brooklyn Community Services ("BCS") at 917-670-3322 for <u>non-legal</u> assistance. BCS provides social work counseling services to litigants free-of-charge.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                  s/Ann M. Donnelly
                                                           Ann M. Donnelly
                                                           United States District Judge

Dated: Brooklyn, New York
        June 29, 2018